

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| Rosa Serrano d/b/a The Lens Factory, | § | No. 08-15-00044-CV |
| Appellants, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| City Bank Texas, N.A. and Old Republic National Title Insurance Company, | § | of El Paso County, Texas |
| | § | (TC# 2015-DCV-1079) |
| Appellees. | § | |
| | § | |

## O R D E R

On March 8, 2016, the Court entered an order requiring the trial court to conduct a hearing to determine the status of the reporter's record. The trial court conducted the hearing and the supplemental clerk's record containing the trial court's written findings of fact and conclusions of law has been filed. The reporter's record of the hearing has also been filed. The Court has corrected the trial court cause number in our records to indicate that the appeal is from cause number 2015-DCV-1079.

The trial court raised two issues *sua sponte* at the hearing. First, the trial court questioned whether Appellant had timely filed her notice of appeal. It is the Court's practice to review every appeal at its inception to determine whether the appellant timely perfected the appeal. We reviewed the notice of appeal and the appealable orders in this case and concluded that the notice

1

of appeal was timely filed.

Second, the trial court questioned whether Appellant is entitled to proceed as an indigent party on appeal. Appellant timely filed her affidavit of indigence in the Eighth Court of Appeals on February 9, 2015, but her affidavit was also filed in the El Paso County District Clerk's Office on February 24, 2015. It is unclear whether the official court reporter received a copy of the affidavit of indigence. Since Appellant first filed her affidavit of indigence in this Court, we should have followed the procedures set forth in TEX.R.APP.P. 20.1(d)(2). Even though it is unusual to send a Rule 20.1(d)(2) notice at this stage of the appeal, the circumstances require that we remedy this defect. We therefore give notice to the trial court clerk, the court reporter, and the parties that any contest to Appellant's affidavit of indigence is due to be filed no later than ten days from the date of this order. A copy of Appellant's affidavit of indigence is included with this order. If no contest is filed by May 13, 2016, the Court will consider Appellant to be indigent and she will be allowed to proceed without advance payment of costs pursuant to TEX.R.APP.P. 20.1(f). If a contest is filed, the Court will enter additional orders.

Turning to the other issue before the Court, we have determined, after reviewing the record of the hearing and the trial court's findings and conclusions, that the court reporter's notes have not been lost or destroyed. Consequently, Appellant is not entitled to a new trial under TEX.R.APP.P. 34.6. The former official court reporter is unable, however, to prepare and file the reporter's record due to a medical condition. Consequently, it will be necessary for the trial court to assign another court reporter to prepare and file the reporter's record. Accordingly, we direct the trial court to enter an order appointing a court reporter to be responsible for preparing and filing the reporter's record in this appeal. This order should be entered on or before May 8, 2016. A supplemental clerk's record containing said order is due to be filed with this Court on

2

or before May 11, 2016. We will not establish a deadline for the reporter's record to be filed until the issue regarding Appellant's indigence status has been resolved. We further direct the trial court to provide the appointed court reporter with a copy of this order and the attached affidavit of indigence.

IT IS SO ORDERED this 3rd day of May, 2016.


PER CURIAM


Before McClure, C.J., Rodriguez and Hughes, JJ.
(Hughes, J., not participating)